Case 7:19-cv-00192   Document 10   Filed on 09/12/19 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
September 12, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ABEL JAIMES SANCHEZ,<br>Petitioner,<br><br>VS.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | §<br>§<br>§<br>§  CIV. NO. 7:19-cv-00192<br>§<br>§<br>§<br>§<br>§ |

## REPORT & RECOMMENDATION

Petitioner, Mr. Abel Jaimes Sanchez, a state prisoner proceeding pro se, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 2.) This case was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b). On August 8, 2019, Respondent filed a Motion for Summary Judgment in response to Petitioner's writ. (Dkt. No. 8.) After a careful review of the record and relevant law, and for reasons set forth below, the undersigned recommends that Respondent's Motion for Summary Judgment (Dkt. No. 8) be **GRANTED** and that Petitioner's § 2254 petition (Dkt. No. 2) be **DENIED**. It is further recommended that Petitioner's § 2254 petition (Dkt. No. 2) be **DISMISSED**. Finally, Petitioner's § 2254 case should be closed.

It is further recommended that the District Court **DECLINE** to issue a certificate of appealability in this matter.

## BACKGROUND

**I.     Procedural History**

On July 30, 2014, a grand jury in Hidalgo, Texas charged Petitioner by indictment of intentionally or knowingly causing the death of an individual. (Dkt. No. 9-10 at 19.)[1] On September 8, 2015, Petitioner pleaded guilty to murder pursuant to a plea agreement in the 389th Judicial District Court of Hidalgo County, Texas. (Dkt. No. 2 at 2-3; Dkt. No. 9-12 at 80-82.) Petitioner was sentenced to 45 years of imprisonment. (Dkt. No. 9-12 at 80-82.) Petitioner did not file a direct appeal. (Dkt. No. 1 at 3.)

On April 25, 2016, Petitioner filed a state application for writ of habeas corpus.[2] (Dkt. No. 9-14 at 31-49.) In his state application, Petitioner claimed that (1) defense counsel coerced Petitioner to plead guilty and was generally ineffective in preparing for trial; (2) his due process rights were violated when witnesses were coerced not to testify and help prove Petitioner's innocence; (3) his due process rights were violated when evidence of his innocence was destroyed; and (4) his due process rights were violated when he was charged with murder instead of manslaughter. (*Id.* at 36-43.) On October 5, 2016, the Court of Criminal Appeals ordered the trial court to gather additional facts concerning Petitioner's ineffective assistance of counsel claim. (Dkt. No. 9-16 at 1-3.) The 389th Judicial District Court ordered defense counsel to respond to Petitioner's claim of ineffective assistance of counsel on January 24, 2017. (Dkt. No. 9-7 at 7.) On February 8, 2017, Petitioner's trial counsel submitted an affidavit responding to Petitioner's claims. (Dkt. No. 9-7 at 15-16.) On March 23, 2017, trial counsel filed a supplemental affidavit in response to Petitioner's claims. (Dkt. No. 9-9 at 18-24.) On March 24, 2017, the trial court entered an order with additional findings of fact and conclusions of law. (Dkt. No. 9-9 at 32-36.) On March 29, 2017, Petitioner's application was denied without written order. (Dkt. No. 9-1.)

---

[1] The specific page number is in reference to the assigned number set by electronic filing of the documents in ECF/PACER system and is not in reference to the Bates-stamp number placed on the document.
[2] Petitioner did not date his state application, but it was filed with the clerk on April 25, 2016. (Dkt. No. 9-14 at 49.)

Petitioner filed a motion for rehearing on May 5, 2017, which was subsequently denied on May 10, 2017. (Dkt. No. 9-4 at 1.)

On August 28, 2017, Petitioner filed an original petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Southern District of Texas, McAllen Division. A Report and Recommendation was filed on July 15, 2018, recommending that Petitioner's initial § 2254 petition be denied and dismissed with prejudice. *Sanchez v. Davis*, 2018 WL 4691588, at *1 (S.D. Tex. July 15, 2018).

Within the Report and Recommendation, Petitioner's claims were construed as follows:

(1) trial counsel was ineffective for failing to investigate a second ballistics report;
(2) Petitioner's plea was not knowing, voluntary, or intelligent;
(3) trial counsel was ineffective for failing to hire an expert witness to refute the state's pathology report;
(4) trial counsel was ineffective for failing to interview a key witness; and
(5) the trial court denied his request for new counsel.

*Id.* at *2. The Report and Recommendation was adopted on September 28, 2018. *Sanchez v. Davis*, 2018 WL 4680600 (S.D. Tex. Sept. 28, 2018). Petitioner appealed and the Fifth Circuit dismissed the appeal for untimely filing a notice of appeal. *Sanchez v. Davis*, 2018 WL 8367912 (5th Cir. Dec. 20, 2018).

Petitioner filed the instant § 2254 petition on May 21, 2019. (Dkt. No. 2 at 9.)

## II.  Summary of the Pleadings

Petitioner raises four claims pertaining to his murder conviction out of the 389th Judicial District Court, Hidalgo County, Texas. Petitioner claims the following:

(1) the court refused to recognize his rights as a citizen of Mexico;
(2) counsel was ineffective for failing to retain an expert to refute autopsy reports;
(3) he was denied due process when the court denied his motion for new counsel; and
(4) he did not understand English and the interpreter assigned to him was biased "as he was a law enforcement officer."

(Dkt. No. 2 at 6-7.)

Respondent filed a motion for summary judgment claiming that Petitioner's § 2254 petition is both successive and time-barred. (Dkt. No. 8 at 3.) Respondent argues that Petitioner's second and third claims have been brought before in Petitioner's previous § 2254 matter. (*Id.* at 5.) As to Petitioner's first and fourth claim, Respondent argues that the claims could have been raised in the prior habeas matter and therefore said claims are successive as well. (*Id.* at 6-7.)

## APPLICABLE LAW & ANALYSIS

### I. Timeliness of Petitioner's § 2254 Claims

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitation within which prisoners can file a motion attacking a sentence under 28 U.S.C. § 2254. The limitations are codified at 28 U.S.C. § 2244(d)(1) as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On September 8, 2015, Petitioner was sentenced to 45 years' custody and Petitioner did not appeal said sentence. (Dkt. No. 9-12 at 80-82.) Therefore, the conviction became final on October 8, 2015, thirty days after the date of his judgment and at the expiration of the time to seek

4

direct review. 28 U.S.C. § 2244(d)(1)(A); Tex. R. App. P. 26.2(a)(1). If there is no tolling of the limitation period, per § 2244(d)(1), Petitioner had until October 8, 2016 to timely file a § 2254 petition.

Section 2244(d)(2) provides that the one-year limitation period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). As stated, Petitioner filed a state application for writ of habeas corpus on April 25, 2016. (Dkt. No. 9-14 at 31-49.) The Texas Court of Criminal Appeals denied the motion for rehearing on May 10, 2017. (Dkt. No. 9-4.) One-hundred ninety-nine days passed between the time Petitioner's judgment became final (October 8, 2015) and the filing of his state application for a writ of habeas corpus (April 25, 2016). *See Windland v. Quatermann,* 578 F.3d 314, 317 (5th Cir. 2009) (holding "that a state petition for habeas relief is 'pending' for AEDPA purposes on the day it is filed through (and including) the day it is resolved." (footnote omitted)). Petitioner then had one-hundred sixty-six days after May 10, 2017 (365 days in a year minus 199 days noted), until October 23, 2017 (Monday), to timely file a § 2254 petition.[3] *See Sonnier v. Johnson,* 161 F.3d 941, 944-45 (5th Cir. 1998); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); *see also Mathis v. Thaler,* 616 F.3d 461, 473 (5th Cir. 2010) (holding that a defendant's successive state petition tolled the limitations period for AEDPA purposes until the motion for reconsideration was denied by the Texas Court of Criminal Appeals).

A § 2254 petition is deemed filed when a petitioner deposits it in the mail. *See* R. Gov. Sec. 2254 Cases 3(d) (explaining that a petition is timely filed if placed in the prison's mailing system on or before the last day to file). Petitioner states under penalty of perjury that he placed his § 2254 petition in the mail on May 21, 2019. (Dkt. No. 2 at 9.) Therefore, the petition is not

---

[3] As noted in the first Report and Recommendation, the first § 2254 petition was timely filed on Aug. 28, 2017. *Sanchez,* 2018 WL 4691588 at *1.

timely per § 2244(d)(1)(A). Nevertheless, Petitioner claims that he had just discovered "newly discovered evidence," which appears to be an argument for application of 28 U.S.C. § 2244(d)(1)(D).

Section 2244(d)(1)(D) begins the one-year statute of limitations on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner's second and third claims were both presented in Petitioner's prior § 2254 petition and thus do not qualify for this exception. Petitioner's second claim that counsel was ineffective for failing to consider an expert to refute autopsy reports was set forth and considered in the previous Report and Recommendation. *See Sanchez,* 2018 WL 4691588 at \*2, \*11-12. Petitioner's third claim that he was denied due process when the court denied his motion for new counsel was also considered in the previous Report and Recommendation. *Id.* at \*2, \*14-16. These claims have been considered and, further, Petitioner *obviously* knew of the factual predicate for claims two and three. The same can be said of the other two claims as well.

Petitioner's first claim, that "[t]he county jail would not provide me with necessary documents to file my Alien status, and when I reached the Court [r]oom and requested that the Mexican Consulate be notified, [t]he Judge on record stated that it was too late," would have to have been discovered when Petitioner requested the documents from the jail and made the request in open court. (Dkt. No. 2 at 6.) The factual predicate for the first claim, then, was discoverable upon due diligence at the time of its occurrence and in open court at time of Petitioner's plea on September 8, 2015. (Dkt No. 9-8 at 5:19-25.) Petitioner's fourth claim was that "[a]t the time of trial the defendants ability to understand or speak the English language was not at all. [sic] The [interpreter] that was assigned to the Defendant was not and could not have been unbiased as he

was a law enforcement Officer." (Dkt. No. 2 at 7.) The transcript from Petitioner's plea hearing from September 8, 2015, also reflects that the court bailiff was used as an interpreter for part of the proceedings. (Dkt. No. 9-8 at 5.) This fact, as well as that of Petitioner's inability, if any, to understand the interpreter, would have been apparent to Petitioner at the time of this hearing similar to Petitioner's first claim.[4] Based on the record, the Petitioner "has set out alleged deficiencies which occurred in the course of his initial plea proceeding"; therefore, the calculus for the one-period statute of limitation runs when the judgment became final. *Armone v. Quarterman*, 3-06-CV-868-K, 2007 WL 36019, at *3 (N.D. Tex. Jan. 4, 2007).

Petitioner makes no attempt at explaining what new evidence was discovered or how the factual predicate underlying his claims were not discoverable with due diligence until now. The simple fact is he cannot meet this burden because the factual predicate underlying the claims presented were discoverable with due diligence, or were in fact discovered, well before the one-year deadline to file the § 2254 petition in October of 2017. *See* 28 U.S.C. § 2244(d)(1)(D).

Therefore, the § 2254 petition is untimely filed and should be dismissed.

## II.     Successive Petition

Respondent argues that Petitioner's § 2254 petition should be dismissed for being successive. (Dkt. No. 8 at 4-5.) "The law requires federal habeas petitioners to assert in their first habeas application all claims known of, all claims that should have been known of, and all

---

[4] It should be noted that the court bailiff was only used for the hearing for a short period of time when the case was called to determine whether Petitioner wanted to proceed to a jury trial. (*See* Dkt. No. 9-8 at 5:6-8.) During the proceedings, the State District Judge stated that an interpreter would be available at 1 p.m. (*Id.* at 7:11-13.) Then, during the plea admonishments and prior to Petitioner entering his formal plea of guilty, the State District Judge had the interpreter place his name on the record and note his nine-years of experience; the Judge then asked Petitioner if the interpreter was doing his job, to which the Petitioner answered in the affirmative. (*Id.* at 12:12 to 13:2.) The use of the bailiff appears minimal and an interpreter was utilized during the admonishments and when Petitioner entered the guilty-plea in state court. At one point, Petitioner noted the interpreter "was speaking very fast," implicitly asking the Judge to have the interpreter slow-down and repeat the translation during the hearing. (*Id.* at 15:6-12.)

claims that had been known of." *McGary v. Scott*, 27 F.3d 181, 185 (5th Cir. 1994). This concept was codified in 28 U.S.C. § 2244(b), which states that:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Further, "[b]efore a second or successive application permitted by [§ 2244] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3).

Petitioner's § 2254 petition is successive in that Petitioner has already sought relief from his current custody in a § 2254 petition. *See Sanchez v. Davis*, 2018 WL 4691588 (S.D. Tex. July 15, 2018). Petitioner did not seek authorization from the Fifth Circuit to file a second petition as required by 28 U.S.C. § 2244(b)(3). Even if he had, as discussed in the previous section, Petitioner's claims have either already been presented in the prior § 2254 petition or the factual predicates were discoverable with due diligence well before the filing of Petitioner's original § 2254 petition. *See* 28 U.S.C. 2244(b)(1), (b)(2)(B)(i). Nor has the Petitioner shown or establish that "but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(ii).

As noted by the Fifth Circuit, a petition "is not second or successive simply because it follows an earlier federal petition"; a petition is successive "when it: 1) raises a claim challenging the petitioner's conviction or sentence that *was or could have been raised earlier*; or 2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)) (emphasis added). Therefore, even if timely filed, the § 2254 petition should be dismissed since the claims presented are successive as each has been or could have been previously raised. *See* U.S.C. § 2244(b)(1)-(3).

## CONCLUSION

### *Recommended Disposition*

After a careful review of the record and relevant law, the undersigned recommends that Respondent's Motion for Summary Judgment (Dkt. No. 8) be **GRANTED** and that Petitioner's § 2254 petition (Dkt. No. 2) be **DENIED**. It is further recommended that Petitioner's § 2254 petition (Dkt. No. 2) be **DISMISSED** with prejudice, and the case be closed.

### *Certificate of Appealability*

It is recommended that the District Court deny a Certificate of Appealability. Petitioner may not appeal the final order of a habeas corpus proceeding "unless the circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). The § 2254 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. Gov. Sec. 2254 Cases 11. Because the undersigned recommends the dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to a certificate of appealability (COA).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at

9

least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c).

Reasonable jurists would not find it debatable that there is a valid claim of denial of a constitutional right or that the court was incorrect in its procedural ruling for the reasons noted; therefore, it is recommended that the District Court deny a COA.

Accordingly, Petitioner is not entitled to a COA.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk shall send a copy of this Order to Petitioner and counsel for Respondent.

**DONE** at McAllen, Texas, this 12th day of September, 2019.

Juan F. Alanis
United States Magistrate Judge